IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MICHAEL LARON FORD**                                                                                          **PLAINTIFF**

v.                                   Cause  No. 6:13-cv-6133-RTD-BAB

**NATHAN GREELEY,** *et al*                                                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Preliminary Injunction.  ECF No. 50.  Defendants have responded to this Motion.  ECF No. 54.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this motion to the undersigned for decision.  After careful consideration, the undersigned makes the following Report and Recommendation.

**1.  Background:**

At the time Plaintiff filed his Complaint, November 14, 2013, he was incarcerated in the Ouachita County Detention Center, Camden, Arkansas ("OCDC").  In this complaint and several subsequent supplements, Plaintiff alleged he was subjected to unconstitutional conditions of confinement and that the OCDC had never properly responded to his grievances.  Plaintiff names as defendants employees of the OCDC.  No later than February 10, 2014 Plaintiff was transferred to the  Arkansas Department of Corrections (ADC) and was no longer in the custody of the OCDC.  ECF No. 23.  Plaintiff has remained in the custody of the ADC since that date.  Plaintiff is currently confined in the ADC-North Central Unit, Calico Rock, Arkansas.

On November 12, 2014, Plaintiff filed the instant Motion for Preliminary Injunction.  ECF No. 50.  In this Motion for Preliminary Injunction, Plaintiff claims officers at the ADC improperly

opened his mail on October 20, 2014 and requests the Court enter an order to prevent this in the future. Plaintiff's Motion does not request action against any of the named Defendants in this case.

**2. Discussion**:

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors. These factors are: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc); *see also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987). Further, in the context of prisoner litigation, the Court must use "great caution."

> Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . . for an injunction to issue 'a right must be violated" and that "the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.'

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citations omitted).

Here, Plaintiff alleges a correctional officer with the ADC improperly opened his mail on one occasion on October 20, 2014. Plaintiff attaches to his request his grievance about this incident and

the ADC's response.  The ADC response denied his mail had been improperly opened.  This falls far short of the level of proof to allow the issuance of a preliminary injunction; especially so in the prison context.  Plaintiff has not shown a probability of success on the merits.  Plaintiff has also failed to even allege the possibility of the conduct being repeated in the future or of any harm should the injunction not issue.  The Court should decline to issue a preliminary injunction in this situation.

Further, Plaintiff asks the Court to enjoin a non-party.  The ADC and its officers are not parties to this litigation.  If Plaintiff believes a preliminary injunction is appropriate because of the facts he has alleged, he must seek such relief in a separate lawsuit against the person or person he believes is responsible.

**3.  Conclusion**:

For the foregoing reasons, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 50) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **20th day of April 2015.**

      /s/ Barry A. Bryant
      BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE